## In re JACKSON.

Court of Customs and Patent Appeals.
December 2, 1929.

Patent Appeal No. 2174.

Harry Cohen, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. Applicant has appealed from a decision of the Commissioner of Patents, rendered November 1, 1927, affirming a decision by the Examiners in Chief of July 13, 1926, wherein they sustained the action of the Examiner under date of September 30, 1924, rejecting claims 7, 10, 12, 13, 14, 17, 18, 19, and 21, made relative to claimed invention or inventions styled "improvements in internal combustion engines."

In nontechnical language, applicant's production appears to be a boxlike structure to be manufactured in connection with the manufacture of automobile engines and integrated therewith, the engine itself constituting side walls, in which structure or chamber "all engine auxiliaries and some parts of the engine proper, such as the valve-operating gear, the spark plugs," etc., are to be housed. This chamber, when closed, is intended to "exclude all foreign matter, dirt, dust, air, mois-

"ture," etc., and also to insure a certain lubrication by retaining the lubricant when in a vaporized state within the chamber's walls. It is also claimed the noises of the moving parts will be substantially quieted. Access to the parts so housed is to be obtained through a removable top or lid. The conventional design of the automobile is not altered, the hood being retained.

During the progress of the application in the Patent Office, several claims were granted, but those above recited were disallowed, the reference being to Apple, 811,757, February 6, 1906, and Bollee, 1,027,807, May 28, 1912. The essential features embodied in the several rejected claims appear to be embraced in Nos. 12 and 21, which read as follows:

"12. In an internal combustion engine having a cylinder and a combustion space for each cylinder, in combination, with a crankshaft and means to rotate said crankshaft, a spark plug for said combustion space, means for furnishing electric current to said spark plug, a stationary chamber formed from said cylinder to enclose said spark plug and a removable cover for said chamber, said chamber extending away from said cylinder with fixed walls to surround said spark plug."

"21. In an internal combustion engine having multiple cylinders cast en bloc, and a combustion space for each cylinder, in combination, with a crankcase, a crankshaft in said crankcase, a piston in each of said cylinders, means to operate said crankshaft from said pistons, valves for said cylinders to control the fuel intake and exhaust from said combustion spaces, valve mechanism for operating said valves from said crankshaft, a chamber on the side of said cylinders to enclose the valve operating mechanism passing the side of said cylinders, said chamber being formed stationary with said cylinders and including walls cast integral with said cylinders and extending away from said cylinders beyond said valve operating mechanism, said engine and walls encompassing said valve operating mechanism, said chamber having a fixed opening opposite said cylinders and a cover adapted to close said opening."

The decision of the Commissioner states:

"The lower tribunals have held that the patent to Apple shows a gas engine wherein all the working parts are normally concealed and protected from dust and dirt, with the parts concealed readily accessible and in position for easy manipulation in making repairs by reason of the use of removable covers or hinged doors to provide enclosing chambers. There would be no invention, they held, in forming the chamber by projecting four walls from the cylinder casting and securing a cover plate over the opening opposite to the cylinder forming the inner wall, particularly as patent to Bollee suggests the formation of certain enclosing walls, or at any rate portions of them, integral with the engine cylinders."

Appellant contends that, although one of the stated objects in Apple's patent was to keep out dust, nevertheless his description proves that such object was not accomplished, and that Bollee's patent contains no disclosure of any idea of attempting to keep out dust or dirt. Upon this point the decision of the Commissioner says:

"The patent does, however, specifically state that a construction is provided such that the delicate parts of the valves are protected while all accessibility thereto is left. In view of the common knowledge that covers on parts of engines are desirable to keep out dirt, even in the absence of the Apple patent stating as much, it must be assumed that the protection referred to by Bollee obviously includes protection from dust.

"Whether appellant's idea of enclosing the valve gear and accessories in an engine in a permanent chamber and for the purposes specified involves any invention must then depend, not upon the purpose for which the chamber is used, but on whether the specific construction of chamber claimed is suggested by the prior art."

Appellant further argues that the walls of the Bollee structure do not form such a chamber as is claimed by appellant, nor "are they such a construction as would suggest appellant's chamber."

The Commissioner finds the first contention to be correct, but does not acquiesce in the second, and states:

"The Bollee disclosure clearly indicates that a portion, at least, of the walls of the enclosing chamber is formed integrally with the engine cylinders. The remaining portion of the walls of the chamber is provided by a removable cover plate. What proportion of the walls is in the integral part and what proportion in the removable cover plate is deemed purely a matter of judgment and not one requiring the exercise of the inventive faculty."

Appellant's argument against the correctness of the latter conclusion appears to be that, even if an inspection of the Bollee structure might suggest protection against dirt, water, etc., and also the confining of the lubricant in the chamber, nevertheless those things were not in fact accomplished by it,

while applicant's own device does accomplish them as specifically intended and claimed, and that his structure, therefore, involves invention on his part.

In support of his contention as to the legal effect of this state of facts, he cites as authorities McClain v. Ortmayer et al., C. D. 1,891,532; Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154 (where the quotation is, in fact, from Consolidated Valve Co. v. Crosby Valve Co., 113 U. S. 157, 179, 5 S. Ct. 513, 28 L. Ed. 939); Potts & Co. v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275; Rosemary Mfg. Co. v. Halifax Cotton Mills (C. C. A.) 257 F. 321, 265 O. G. 461, and numerous others.

While the principles of law quoted from the cited cases by appellant are sound, and were controlling under the particular facts of those cases, it does not seem to us that the facts of the instant case render those principles applicable to the specific claims in issue.

In the results that are expected from the features which are the subject of these claims relative to appellant's structure, we can see no development which is not obviously suggested, either by the prior art as disclosed by the references, or by that general knowledge of causes and effects which bring the features within the term of mechanical skill and adjustment. We do not feel justified in going further than the tribunals in the Patent Office have gone in the allowance of applicant's claims.

The decision of the Commissioner of Patents is therefore affirmed.

Affirmed.